**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  15-10048 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00042-RCJ-VPC-1 |
| v. | |
| SKYLER JAMES FOWLER, | ORDER and MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 27, 2017**
San Francisco, California

Before:  SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

Skyler James Fowler appeals from the district court's judgment revoking his

supervised release and the sentence imposed upon revocation.  His appeal includes

challenges to the district court's imposition of special supervised release

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  This case is resubmitted as of February 27, 2017.

conditions.  While this appeal was pending, the court learned that Fowler had been arrested following the stabbing death of his girlfriend.  The court stayed appellate proceedings pending completion of state proceedings requiring Fowler's presence, and directed the parties to file status updates.  In their latest status updates, the parties advised the court that Fowler pled guilty to second-degree murder with the use of a deadly weapon, and the state court sentenced him to life imprisonment with parole eligibility beginning after a minimum of ten years.

We remand this case to the district court in light of these recent events. Upon remand, for example, the district court may wish to re-examine Fowler's supervised release conditions at a time closer to Fowler's release from state custody, if he is ever released.  *See* 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."); *cf. United States v. Myers*, 426 F.3d 117, 129 (2d Cir. 2005) ("Facts and relationships may change over the years, and the district court may wish to re-examine the special conditions at a time closer to [the defendant's] release, when more facts will be clear."); *United States v. Lifshitz*, 369 F.3d 173, 193 n.11 (2d Cir. 2004) ("Were this, however, a case involving supervised release, or if there were any reasons why the

commencement of the defendant's term of probation would be substantially delayed, it might well be prudent for the district court to postpone the determination of the supervised release or probation conditions until an appropriate later time, when the district court's decision could be based on then-existing technological and other considerations.").

Moreover, if the district court revokes Fowler's supervised release (such as based on an allegation that he violated the conditions of his supervised release by committing a state crime), Fowler's challenges to the conditions of that supervised release may become moot. *Cf. United States v. Wynn*, 553 F.3d 1114, 1119 (8th Cir. 2009) ("Because [the defendant's] term of probation was revoked, his appeal of the conditions of probation is moot, except to the extent that he alleges the revocation was based on a purported violation of an invalid condition" (citation omitted)).

Accordingly, we remand this case to the district court for further proceedings as the district court deems appropriate. The panel no longer retains jurisdiction.

**REMANDED**.